UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

_____

Darryl Augustus Allen

             Plaintiff,                      -CV-

**06   CV   6634** 𝓀𝓟

**V.**
City of Rochester, Mike C. Green, Virgil Ross, jr,.
Maria Graves, Lori Bishop, Mike Fantigrossi,
Daniel Holmsten.

                          **COMPLAINT**
                          **JURY TRIAL DEMANDED**

   _7_ Defendants.

_____

This Court has jurisdiction for deprivation of a constitutional right under color of State law.

This Plaintiff's 14th, amendment constitutional civil rights were violated to equal protection

under the law, fair treatment, procedural due process rights, and other wrongs including

conspiracy.

       The Plaintiff herein, complains of the defendants above named, and for its cause of action

alleges:

2

I. <u>INTRODUCTION</u>

    1.) Section 1983 was enacted on April 20, 1871 as part of the Civil Rights Acts of 1871, and is also known as the "Ku Klux Klan Act" because one of its primary purposes was to provide a civil remedy against the abuses that were being committed in the southern states, especially by the Ku Klux Klan.  While the existing law protected all citizens in theory, its protection in practice was unavailable to some because those persons charged with the enforcement of the laws were <u>unable</u> or <u>unwilling</u> to do so.

    2.) This is a Pro se action for money damages and possible injunctive relief, brought on behalf of Darryl Augustus Allen who sought to commence a criminal action, filed with a local criminal court, which charges one or more defendants with the commission of one or more felonies.  But, the Monroe County District Attorney's Office under the authority of Mike C. Green and the Rochester Police Department as co-defendants and co-conspirators intentionally deprived me my procedural due process rights to commence a criminal action and violated my fourthteenth amendment constitutional civil rights for fair treatment and equal protection under the law.  These acts were done under color of State law.

    3.) Calls for police service were falsified at the data source by the Rochester Police Department. The defendants tampered with public records twice and made false entries, one being defamatory.  Section 175.25, tampering with public records in the first degree is a class D felony.  My goal was to commence a criminal action on both dates and exercise my constitutional rights through procedural due process. All defendants are employed in the City of Rochester and their employment addresses are on the final page of this lawsuit.

3

4.) This plaintiff called 911 on October 30, 2005 to make a felony complaint against two people. These two people lied and made defamatory statements against me and ruined my professional counseling career. The 911 operator sent police officer Virgil Ross to my house. Defendant Ross wrote a few names down, but refused to take my felony complaint or give me his full name when asked. Defendant Ross was shown two letters written to defendant District Attorney, Mike Green from me. Defendant Ross said he would contact me on October 31, 2005, but never did. This plaintiff received a letter from defendant Green on November 4, 2005 dated 11/1/05. After receiving this letter from defendant Green. This plaintiff attempted to contact defendant Ross, but a person on the phone stated he was unavailable. This plaintiff left his name and phone number, but no return call from defendant Ross or anyone else from the Police Dept.

5.) Although, the Supreme Court has attempted to balance the police power of the government and individual rights, if there is a conflict, the constitutional rights as interpreted by the U.S. Supreme Court takes precedence. Defendant Ross allowed his personal feelings to override his sworn duty as an agent of the law and U.S. Constitution.

6.) Defendant Green sent his first and last letter, ever, dated November 1, 2005. Two days after defendant Ross was at my house on October 30th. This plaintiff was sending defendant Green information about the felonies since January 2005. Defendant Green assigned an investigator from the District Attorney's Office in March 2005 named Mike Fantigrossi. According to a source from the DA's Office, an Assistant District Attorney was to contact me. But, in place came defendant Fantigrossi, which was to discourage me and give up. Similar tactics were used by defendant Maria Graves, except hers were criminal, which will be explained later in this lawsuit.

4

7.) Meanwhile, leading up to November 1, 2005, no report or findings were ever mentioned or presented about the investigation. After talking with defendant Fantigrossi several times by phone, he heard my frustration. "It's political," defendant Fantigrossi said.

8.) This was the first time that the Rochester Police Department were involved and the first time defendant Green corresponded with me. Each of the defendants caused, and is legally responsible for the below described unlawful conduct and resulting injuries by, among other things, personally participating in the unlawful conduct or acting jointly or conspiring with others who did so; by authorizing, acquiescing in or setting in motion policies, plans or actions that led to the unlawful conduct; by failing to take action to prevent the unlawful conduct; by failing and refusing with deliberate indifference to plaintiff's rights to equal protection under the law, fair treatment, and the right to file a criminal complaint against a person who committed a crime against another; procedural due process rights through the New York State Court System was intentionally avoided and violated. The defendants conspired and cheated this plaintiff out of his guaranteed constitutional civil rights. The defendants never contacted this plaintiff again. It was a systematic block and going by the District Attorney's letter dated 11/01/05. The theory was further confirmed after the natural experiment of the second procedural due process rights deprivation was intentionally done by the Rochester Police Department, which is on public record.

9.) Therefore, this plaintiff started the Federal Court lawsuit in November 2005 against my former employers, Pre-Trial Services Corporation. This was a direct result of my constitutional rights being deprived illegally and unconstitutionally by public officials. Prior to Federal Court, this plaintiff spent over one year pleading my non-hearsay physical

5

evidence to a person that had the authority and resources to do something legally, but didn't.

10.).  Defendant Green was <u>unable</u> or <u>unwilling</u> to prosecute the two white administrators, despite physical evidence; 2.) Defendant Green assigned an investigator but no evidence or findings that an investigation ever occurred.; 5.) Defendant Green never contacted or responded to this plaintiff's letter dated November 5th, defendant Ross' unconstitutional behavior; According to the law and "Investigator Fantigrossi", this plaintiff holds enough felony evidence to commence a criminal action. These defendants have committed serious crimes to try and stop me by their own process.

11.) Almost every certified document sent to defendant Green from 2005 until November 2005 directly mentioned perjury and tampering with physical evidence. Defendant Green was informed about the felonies in January 2004.  Defendant Green made no attempts  to contact me about anything until the Rochester Police were involved on 10/30/05.  Defendant Mike Fantigrossi is included in his official duty and/or capacity as a defendant herein this lawsuit because there was no investigation record or findings of an investigation, to the best of my knowledge.

12.) Defendant Green is responsible in his official capacity as commander of authority and policy maker "under color of State law" to be liable for this plaintiff's injuries and damages.

13.) Defendant Fantigrossi suggested civil action against Pre-Trial Services Corporation. Pre-Trial committed serious crimes against me.  This plaintiff wants to press charges against them, but the defendants deprived me my rights.  None of the Courts even mentioned the word perjury or tampering with physical evidence until Federal Court. "They usually don't do these kinds of crimes", defendant Fantigrossi said.There felonies and they're in the penal law.  I want something done.  There was a brief and vague mention about the police between defendant

6

Fantigrossi and this plaintiff, but nothing else. This plaintiff didn't trust the Rochester Police Department and for good reason.

14.) You're the investigator and I have the evidence. Do you need me to send in the court transcript or other evidence? "No, that won't be necessary, I have enough here", defendant Fantigrossi said. Are you sure? I can send you more. "Wait, hold on let me find it, here it is", defendant Fantigrossi said. Defendant Fantigrossi was referring to the information sent by certified mail dated March 30, Finally, defendant Fantigrossi said, "Get back to me in a couple of months, let me know what's going on with the Court of Appeals". This plaintiff contacted him in June and no change.

15.) The felonies have been covered-up or ignored since being reported in April 2004. An entire Appellate Division with 3-motions denied to the Court of Appeals and no legal explanation, despite physical evidence that a crime occurred. This plaintiff doesn't need authority to know that somebody violated my rights and the law. Second, the District Attorney's Office had enough evidence and did nothing. Third, the Rochester Police Department refused to take two felony complaints and tampered with public records that are felonies. Further, libel per se that is actionable in itself, requiring no proof of special damages. One of the false entries put on the tampered public records was defamatory on its face **"Mental problem"**.

16.) My professional career is a professional counselor at the Master's degree level. This plaintiff has worked in the community with mental disorder clients' and this false statement continues to be on public record. This statement is defamatory in and of itself and is not capable of an innocent meaning. The defendants did this statement intentionally and illegally. The defendants attempted to conceal their illegal actions, but the Freedom of Information Act prevented it. The defendants are guilty of malice exception. A limitation on a public official's

7

qualified immunity, by which the official can face civil liability for willfully exercising discretion in a way that violates a known or well-established right. This plaintiff sent the defendants information about Federal Court, informing them that this plaintiff wasn't stopped by their unconstitutional actions. The defendants set in motion the Federal Court complaint both times.

17.) Meanwhile, during the pending Federal Court case# 05-CV-6675, which was dismissed 9- months later, due to a private agency, lack of jurisdiction and failure to state a cause of action. This plaintiff attempted a second felony complaint on May 31, 2006 to the Rochester Police Department. My constitutional rights were deprived again by a 311 police officer named Maria Graves. Defendant Graves refused to listen or send an officer to my house. But, insisted this plaintiff deal with defendant Ross as the only police source. Defendant Graves insisted that the policy was to deal with the same officer that violated my constitutional rights. This plaintiff refused defendant Graves policy demands, which is on the 311 transcript dated May 31, 2006.

18.) Defendant Graves connected me to a false police investigator, instead of sending an officer to my house. Defendant Graves read a phone number for a police investigator then this plaintiff called it. Defendant Graves was misleading and a liar.

19.) This plaintiff informed the female at this number that I was to talk to an investigator. "Yes", she said. This plaintiff immediately asked her position or title and name, then she admitted being only a Police Information Clerk for defendant Sgt. Lori Bishop, the supervisor for defendant Ross. The female identified herself as Pat. Defendant Pat also attempted to persuade me to deal with defendant Ross, again. But, this plaintiff refused to and repeated what was said to defendant Graves. However, defendant Pat did give me defendant Ross' supervisor's name and address, which was defendant Sgt. Lori Bishop at 185 Exchange Boulevard. This plaintiff sent a second letter to both defendants Virgil Ross and Sgt. Lori Bishop dated May 31, 2006.

8

Finally, there has never been a response from defendant Bishop, ever.  Therefore, defendant Bishop was approving the unconstitutional policy as policy-maker and supervisor.

20.) It was discovered on September 13, 2006 that the Rochester Police Department tampered with my public records.  This plaintiff showed Joe Fratta, Communications/access records for City Hall.  Mr. Fratta didn't have an answer and appeared puzzled, but knew the public records were tampered with.  Felony complaints were called in both times, but no record showed them.  The same code and information procedure should have been recorded by law but wasn't.  The public records were tampered with on both 10/30/05 and 5/31/06.  This plaintiff immediately requested the names of the operator(s) and supervisor(s) from both dates.  This requested was done on September 29, 2006 and received by Gary G. Walker, Records Access Officer on 10/20/06.

21.)  Meanwhile, on October 10, 2006 at City Hall, this plaintiff informed Joe Fratta that  I wanted the 911 tapes only and not the 911 operators subjective view, which was inaccurate. Joe Fratta stated that the PATS inquiry system said there was no record from 05/31/06 311 systems.  "But there's got to be some kind of record from 311", Joe Fratta, said.  This plaintiff agreed and asked if I needed to fill-out another 911 application for the information.  "No, I'll just add it to the original application", Joe Fratta, said.  He was writing on a notepad.
Note: see PATS inquiry letter dated 10/11/06.

22.)  Joe Fratta phoned me on 10/20/06 excited, informing me that Gary G. Walker, Records Access Officer located the records.  This plaintiff immediately went to City Hall to pick them up and thanked him.  The public records cover-up was clear.  The same 911/311 operator and supervisor worked both dates.  The operator who took both calls was defendant Maria Graves. The supervisor during both calls was defendant Sgt. Daniel Holmsten.  The Rochester Police

9

Department tampered with public records on 10/30/05 and 05/31/06, by putting false written entries

to conceal my felony complaint records. The Rochester Police Department committed

two class D-felonies by tampering with public records twice, then attempting to cover-up their

actions. Note: listen to 311 tape or read transcript from 05/31/06 in **[Exhibit-C]**.

   23.) Law enforcement officials willing to commit felonies and misdemeanors,

"under color of State law" to prevent a black person from getting their guaranteed constitutional

civil rights is unconstitutional and criminal.

   24.) On 11/06/05, three white Rochester Police Officers responded to a fight call,

which was false. But, they responded. However, the Rochester Police Department never

contacted me again after defendant Ross' unconstitutional conduct. The defamatory information

on public record could have caused me serious injury or death. Three white police officers

responding to a fight with the public record reading **"Mental problem"**, could have justified a lot,

particularly, if the citizen is a black male against three white police officers. Felonies committed by

the Rochester Police Department and cover-ups wouldn't have given this plaintiff a chance. This

plaintiff was home alone in bed and my dog started barking at the police. This plaintiff informed the

police that the fight call was false. But, on the public record, it reads as if there was a fight and

everything is "All O.K.". The public record should have read "false call", which was accurate.

   25.) This policy has been aimed at blacks to discourage reporting crimes.

Crimestoppers encourages individuals to call in with information regarding felony crimes and

wanted felony fugitives in the Rochester area. But, with police officers tampering with public records

and concealing information, citizens will be suspect. Blacks are suspect of police in general.

26.) Meanwhile, this plaintiff has direct evidence that several felonies were committed against me and can openly identify the two individuals, but law enforcement officials attempted to conceal it by committing more felonies.

## II.    JURISDICTION

This action is brought pursuant to Title 42 U.S.C. Sections 1983, 1985, 1986 and the New York State Constitution.  Jurisdiction is based on 28 U.S.C. 1343 and the aforementioned federal statutes.

## III. PARTIES

This plaintiff at all times relevant was and is a resident of the State of New York.

The Defendants.

28.) **City of Rochester** is a local government and municipal entity in the State of New York and is sued. 29.) Defendant Mike Green is and was at all times applicable herein the District Attorney of Monroe County in the City of Rochester. He is sued in his individually and official capacity.  He is charged with the responsibility for selecting, training, assigning, administering supervising and controlling all law enforcement officers and employees under his command at the District Attorney's official and unofficial policies.  And joined in the illicit, unconstitutional policies of the City of Rochester that caused the injuries and deprivations complained of herein. All done under color of State law.

30.) Defendant Virgil Ross is a Rochester Police Officer responsible for taking the felony complaint, which did not occur.  He is sued in his individually and official capacity.  He refused to take the felony complaint under color of State law and deprived my fourthteenth amendment procedural due process rights and made a defamatory public

11

statement against me.  He was responsible for tampering with public records.  He never

contacted me again. And joined in the illicit, unconstitutional policies of the City of

Rochester that caused the injuries and deprivations complained of herein.

All done under color of State law.

31.) Defendant Maria Graves is a Rochester Police Officer 911/311 operator and was

responsible for taking both calls on 10/30/05 and 05/31/06.  She is sued in her

individually and in her official capacity.  She was responsible for tampering with

public records.  She was responsible for refusing to have a police officer come to

my house on 05/31/06.  She was responsible for misleading and lying under color of State

law and making a defamatory public statement against me.   She deprived me my

fourthteenth amendment procedural due process rights.  And joined in the illicit,

unconstitutional policies of the City of Rochester that caused the injuries and deprivations

complained of herein. All done under color of State law.

32.) Defendant Lori Bishop is a Rochester Police Officer rank Sgt. and the supervising

police officer for defendant Virgil Ross.  She is sued in her official capacity.

She was given a minimum of two complaint notices about police officer Virgil Ross,

but failed to respond.  The complaint notices featured unconstitutional behavior by

defendant Ross , as well as, a possible postdeprivation remedy.  Therefore, defendant Lori

Bishop was personally involved in the violation or knowingly, willfully, or recklessly

caused the deprivation of the constitutional right and is thereby liable as the supervisor.

And joined in the illicit, unconstitutional policies of the City of Rochester that caused

the injuries and deprivations complained of herein. All done under color of State law.

33.) Defendant Daniel Holmsten is a Rochester Police Officer rank Sgt. and the

12

supervising police officer for defendant Maria Graves. The supervisor during

both calls on 10/30/05 and 05/31/06 taken by defendant Maria Graves. He is sued

in his official capacity. As supervisor, he was responsible for tampering with public

records. He was responsible for refusing to have a police officer come to my house on

05/31/06 to make a felony complaint. He deprived me my fourthteenth amendment

procedural due process rights. As supervisor, it was his responsibility to oversee

defendant Maria Graves and that she was abiding by the Constitution and penal law.

And joined in the illicit, unconstitutional policies of the City of Rochester that caused

the injuries and deprivations complained of herein. <u>All done under color of State law.</u>

34.) Defendant Mike Fantigrossi is an investigator for the Monroe County District

Attorney's Office in the City of Rochester. He is sued in his official capacity.

He was responsible for investigating my felony complaint and assigned by

defendant Mike Green. No results or conclusions came about the investigation

and it was intentionally avoided. And joined in the illicit, unconstitutional policies

of the City of Rochester that caused the injuries and deprivations complained of herein.

35.) Defendant Pat (Jane Doe) is a Police Information Clerk for defendant Sgt. Bishop.

Her full name will be identified; She is sued in her official capacity.

She was part of a scheme set-up by defendant Maria Graves to mislead me.

She was impersonating an investigator from the Rochester Police Department.

After her cover was blown, she quickly wanted to get off the phone. She was part of

the conspiracy that deprived me my constitutional rights. And joined in the illicit,

unconstitutional policies of the City of Rochester that caused the injuries and

deprivations complained of herein.[Note: On 11/21/06 Joe Fratta was requested to get

13

defendants full name for lawsuit.][On 11/27/06 Joe Fratta is awaiting defendants name.] [On 12/01/06 Joe Fratta stated the Rochester Police have not responded as of yet, but he intends to investigate today 12/01/06 and send me the request in writing.] [On 12/14/06 Joe Fratta stated the Rochester Police Department have not responded to either request. "I intend to call the Law Department and find out what's going on", Joe said. Joe told me to contact him on Monday 12/18/06.] **Note: mystery defendant will be excluded from this lawsuit without full name and actual individual verified. But, this section will remain untouched and documented. Shielding the mystery defendant from detection does not change the facts mentioned. Defendants Bishop and Graves will have to explain to a Federal Judge or jury at trial.**

IV. <u>CONSPIRACY</u>

This plaintiff charges that some or all of the defendants engaged in an unlawful conspiracy in that they arrived at an understanding and meeting of the minds whereby law enforcement officials tampered with public records to conceal two felony complaints, refused and deprived this plaintiff the freedom and liberty to file or make an accusatory instrument with the Rochester Police Department and the District Attorney's Office against two white administrators. To effectuate this unlawful objective, the conspirators determined that discouraging and falsifying public records would conceal my felony complaints. To prevent the freedom and liberty constitutionally protected by the fourthteenth amendment, the conspirators interfered with this plaintiff's procedural due process rights, equal protection under the law, fair treatment and other wrongs. The police actions and conduct described

14

above were meant to chill and deter future complaints and generally show this plaintiff "Who's boss" in Rochester.

<u>POLICY</u>

The constitutional and criminal violations suffered by this plaintiff as described herein were directly and proximately caused by unspoken, unconstitutional policies of the defendant City of Rochester and carried out by public officers, particularly, defendant Mike Green, District Attorney, by directives, acts and omissions of authorized policy maker.  Thus the constitutional and criminal violations to this plaintiff that have occurred for over one year described herein were directly and proximately caused by the acts that have been deliberately ignored.  The Rochester Police Supervisors deliberately ignored and failed to supervise and control such officers so as to prevent constitutional and criminal violations.

Further, law enforcement officials deliberately undermined and stultified the citizens complaint process.  Law enforcement officials were aware and notified several times about the violations.  But, the defendants did nothing to remedy these evil practices.  As a direct and proximate result of the conduct and unspoken policy of defendants described herein their failure to take reasonable steps to remedy the pattern and practice of police misconduct, and their deliberate indifference to this plaintiff's rights, which were denied several times.  This plaintiff has suffered, and continues to suffer mental and emotional distress, humiliation, embarrassment, discomfort, anxiety, loss of a professional career, and other harm.

VI. <u>OTHER WRONGS</u>

     36.) 175.25 Tampering with public records in the first degree.

15

Tampering with public records in the first degree is a class **D-felony (2) counts**.

37.) **Title 18 Section 242** requires that the federal prosecutor introduce evidence to show

that the person charged was **acting under color of law**, that there was a deprivation

of rights protected by the Constitution or laws of the United States, and that the

defendants acted willfully or intentionally to deprive a person of their rights.

38.) Article I New York State Bill of Rights-Equal protection of laws discrimination

in **civil rights prohibited sec.11.**

39.) Article I New York State Bill of Rights-Criminal prosecution for **libel sec.8.**

115.00 Criminal facilitation in the fourth degree.

Criminal facilitation in the fourth degree is a class **A-misdemeanor**.

40.) 105.5 Conspiracy in the fifth degree.

Conspiracy in the fifth degree is a class **A-misdemeanor**.

41.) 205.55  Hindering prosecution in the third degree.

Hindering prosecution in the third is a class **A-misdemeanor**.

**Impersonating a Police Investigator & Police Information Clerk.**

VII.   <u>CLEARLY ESTABLISHED RIGHTS</u>

The constitutional rights, which this plaintiff accuse defendants of violating herein,

to wit: the right to procedural due process under the Due Process Clause, fair treatment

and equal protection were Clearly Established under the law at the time of the events

complained of.  Defendants thus have no excuse or justification for the alleged violations,

and no qualified immunity.  Particularly, with the malice exception.-A limitation on a

public official's qualified immunity, by which the official can face civil liability for

16

willfully exercising discretion in a way that violates a known or well-established right.

Therefore, suit seeking redress is applicable under the law.

VIII.   <u>PUNITIVE DAMAGES</u>

In engaging in the above conduct, defendants acted with malice and oppression,

and indifference to this plaintiff's rights, thus entitling this plaintiff to punitive

damages against defendants.

IX.   <u>COMPENSATORY DAMAGES</u>

Section 1983 plaintiff who asserts a claim against a municipality, and who proves a

violation of a federal right attributable to the enforcement of a municipal policy, or

custom, may not be denied compensatory damages or equitable relief.  Therefore,

the City of Rochester is liable, due to the illegal and unconstitutional policies practiced.

X.   <u>INJUNCTION</u>

Defendants' policies, practices, conduct, acts and omissions alleged herein have

resulted, and will continue to result in, irreparable injury to this plaintiff for which

there is no plain, adequate and speedy remedy at law.  In particular, this plaintiff

continues to suffer harm as a result of the continuing existence of the public record

**"<u>Mental problem</u>"**, that is false and damaging to this plaintiff's professional counseling

career.  Therefore, this plaintiff seeks injunctive relief restraining defendants from

falsifying public records, misleading citizens and violating the procedural due process

system.  Finally, requiring defendants to seal and destroy the false public records and

replace with the correct and accurate information immediately. And the right to file

a felony complaint through the proper procedural due process, according to the

U.S. Constitution and fourthteenth amendment.

17

XI.   <u>DOCUMENTS FOLLOWING TO CORROBORATE THE FACTS</u>

42.) page-19. **[Exhibit-A1]** Civil Rights Pro se complaints-28 section 1343 Jurisdiction.

43.) page-20. Official public records tampered with showing defamatory statement and false codes, **[Exhibit-A].**

44.) pages-21to26. Official 911/311 transcripts from 10/30/05 & 05/31/06 of defendant Maria Graves, lying, depriving due process rights and misleading **[Exhibits-B&C ].**

45.) pages-27to28  Notices of civil rights complaint and warning to supervisor 05/24/06 & 05/31/06, **[Exhibit-D].**

46.) page-29. Letter from District Attorney dated November 1, 2005, **[Exhibit-E].**

47.) pages-30to33 of Certified mail receipts to public officials about the crimes, **[Exhibit-F].**

48.) page-34. City of Rochester Records Access Response dated 10/25/2006, **[Exhibit-G].**

49.) pages-35to38. Plaintiff 3-letters to District Attorney, **[Exhibit-H].**

50.) page-39. City of Rochester Records Access Application, **[Exhibit-I].**

51.) page-40. Incident History document that the Rochester Police Department stated was the <u>only</u> record recorded on file, prior to the Freedom of Information Act letter dated 10/11/06, **[Exhibit-J].**

52.) page-41. PATS Inquiry Systems letter dated 10/11/2006, **[Exhibit-K].**

53.) pages-42to43. <u>Police Information Clerk</u> Job Description & Qualifications, **[Exhibit-L].**

54.) page-44. 311 Police Special Programs, **[Exhibit-O].**

55.) page-45. Rochester Police Department request not supplied concerning

Police Information Clerk's full name for lawsuit, **[Exhibit-P].**

56.) pages-46to47. Rochester Police Department request for telephone number 428-9800, name, rank, and position or title accountable individual(s) on 5/31/06, **[Exhibit-Q].**

57.) pages-48to56. Rochester Police Department e-mails to City Hall about requested information, concerning Police Information Clerk's full name, **[Exhibits-R].**

58.) page-57. Federal Constitution & State Constitutions, **[Exhibit-S].**

59.) pages-58. City of Rochester Records Access Response dated 12/15/06. **[Exhibits-T].**

60.) page-59. Appeal concerning Police Information Clerk's name for Lori Bishop & mystery defendant who took my call on 5/31/06. **[Exhibit-U].**

61.) page-60. Signature, Notary Public, Date, Plaintiff Demand & defendants employment addresses.

19

conclusionary allegations of constitutional deprivation. Comtronics, Inc. v. Puerto Rico Telephone Co., D.C. Puerto Rico 1975, 409 F.Supp. 800, affirmed 553 F.2d 701.

Complaint which contained no allegations of facts that defendants subjected plaintiff to unreasonable, arbitrary or invidious discrimination, or that he was deprived of his constitutional rights under U.S.C.A.Const. Amends. 1, 5 and 6, was insufficient to show case arising under Constitution, laws or treaties of United States notwithstanding conclusionary allegations of federal jurisdiction. Oestereich v. Selective Service System Local Bd. No. 11, Cheyenne, Wyo., D.C.Wyo. 1968, 280 F.Supp. 78, affirmed 390 F.2d 100, reversed on other grounds 89 S.Ct. 414, 393 U.S. 233, 21 L.Ed.2d 402.

### 48. —— Conclusory allegations

Mere conclusionary allegations, no matter how strongly worded, are not sufficient to establish Civil Rights Act jurisdiction, particularly when they refer to intended future conduct. Comtronics, Inc. v. Puerto Rico Telephone Co., DC. Puerto Rico 1975, 409 F.Supp. 800, affirmed 553 F.2d 701.

### 49. —— Failure to state claim

Fact that the complaint might have failed to state a cause of action under the general federal question jurisdiction did not preclude the court from exercising jurisdiction where jurisdiction had been properly established on the basis of a civil rights claim. Gay Student Services v. Texas A. & M. University, C.A.5(Tex.) 1980, 612 F.2d 160, rehearing denied 620 F.2d 300, certiorari denied 101 S.Ct. 608, 449 U.S. 1034, 66 L.Ed.2d 495.

Civil rights jurisdiction is unavailable in the absence of an appropriate cause of action; failure to state a claim under various civil rights statutes or other appropriate legal authority has the effect of depriving federal court of subject matter jurisdiction. Campbell v. Gadsden County Dist. School Bd., C.A. 5 (Fla.) 1976, 534 F.2d 650, rehearing denied 539 F.2d 710.

Where complaint raised federal question, the mere claim conferred subject matter jurisdiction on the district court, notwithstanding that complaint failed to state claim upon which relief could be granted. Mirin v. Taxi Cab Authority of Clark County, Nev., C.A. 9 (Nev.) 1971,

441 F.2d 1123, certiorari denied 92 S.Ct. 240, 404 U.S. 914, 30 L.Ed.2d 188.

Where plaintiffs failed to state a cause of action under the federal civil rights statute, district court did not have jurisdiction over their purported claim under the section which provides jurisdiction for actions authorized by law. Becker v. Evans, D.C.Pa.1979, 478 F.Supp. 729.

For federal court to determine whether it has jurisdiction under civil rights jurisdiction statute, court, of necessity, must first determine whether plaintiff has stated cause of action under civil rights statute creating cause of action for state action which violates person's constitutional rights. Haldorson v. Blair, D.C.Minn. 1978, 449 F.Supp. 1025.

Where complaint failed to state a claim upon which relief could be granted as to any federal civil rights statute, jurisdiction was not established under statute providing for redress of statutory civil rights violations. Weaver v. Haworth, D.C.Okl.1975, 410 F.Supp. 1032.

Whether complaint states claim under § 1983 of Title 42 on which relief can be granted is not question of jurisdiction, but rather viability of claim stated can only be decided after court has assumed jurisdiction. Kerrigan v. Boucher, D.C.Conn.1971, 326 F.Supp. 647, affirmed 450 F.2d 487.

Whether complaint states a cause of action on which relief can be granted must be decided after and not before the court has assumed jurisdiction over the controversy. McClellan v. Shapiro, D.C.Conn.1970, 315 F.Supp. 484.

When jurisdiction is alleged under this section and defendant moves to dismiss, the district court should ordinarily assume jurisdiction and then determine whether or not the complaint states claim on which relief can be granted. Morey v. Independent School Dist. No. 492, D.C.Minn.1969, 312 F.Supp. 1257, adopted 429 F.2d 428.

Federal district court is expressly vested with jurisdiction to protect against any infringement of federal civil rights by any state law or regulation, and this jurisdiction is not defeated by possibility that complaint might fail to state a cause of action; question of whether complaint states cause of action must be decided after, and not before, court assumes jurisdiction. Olson v. Board of Ed. of Union

Free School Dist. No. 12, Malverne, New York, D.C.N.Y.1966, 250 F.Supp. 1000, appeal dismissed 367 F.2d 565.

It is better rule for court to assume jurisdiction of actions under §§ 1983 and 1985 of Title 42 and then to consider claimed deficiencies on ground that complaint failed to state claim upon which relief can be granted. Campbell v. Glenwood Hills Hospital, Inc., D.C.Minn. 1963, 224 F.Supp. 27.

If this section is invoked specifically by plaintiff, district court has jurisdiction whether or not she has successfully stated a claim under § 1983 of Title 42. Griffin v. Abbott, D.C.Tenn.1975, 68 F.R.D. 241.

### 50. —— Pro se complaints

Court must examine pro se civil rights complaint to see whether the facts alleged, or the set of facts which the plaintiff might be able to prove, could provide the basis for recovery under any of the Civil Rights Acts or under the heads of jurisdiction in the federal arsenal for redress of constitutional deprivations and the court, in considering motion to dismiss, may not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed. Canty v. City of Richmond, Virginia, Police Dept., D.C.Va. 1974, 383 F.Supp. 1396, affirmed 526 F.2d 587, certiorari denied 96 S.Ct. 802, 423 U.S. 1062, 46 L.Ed.2d 654.

### 51. —— Amendment

Where jurisdiction was asserted under civil rights jurisdictional statute and Court of Appeals found jurisdiction under federal question jurisdictional statute, which was not specifically pleaded in the complaint, there was no need to remand to amend the pleadings to specifically allege the latter statute since it could be assumed that the complaint was amended to conform to such finding. Wright v. Arkansas Activities Ass'n (AAA), C.A.8(Ark.) 1974, 501 F.2d 25.

Where petition for order commanding state prison officials to desist from interfering with prisoner's right to use mails, and claiming that prisoner was being denied right of access to courts and had been subjected to reprisals for seeking to acquire counsel to assert civil rights was vague and general and lacked particularized statement of background facts and conduct but alleged nonfrivolous matters



## Calls for Police Service
## Data Source: PATS Inquiry System

*09/13/06*

Page 1

**228 NICHOLS ST**  Census Tract: 8400   Census Block: 201   PSA: 25

| Event Date | Event Time | CR# | Call Type | Sit. Found | Action | Dispatch Time | Arrive time | Cleared Time | Car Responding |
|---|---|---|---|---|---|---|---|---|---|
| 10/30/05 | 12:48 | 335169 | FORGB | 78 MENTAL PROBLEM | 40 SVCS RENDERED | 12:50 | 12:56 | 13:22 | 2522 |
| 11/06/05 | 0:48 | 342363 | FGHTA | 58 ALL OK | 40 SVCS RENDERED | 0:48 | 0:53 | 0:59 | 2521 |
| 05/31/06 | 11:21 | 311 | | 0 NO CODE | 0 NO CODE | 11:21 | 11:21 | 11:21 | 290 |

3   Total Calls for 228 NICHOLS ST

20

A

On 10/30/05 I attempted to make a Felony Complaint but was advised/denied by

On 11/06/05 3- White Rochester Police Officers responded to a fake call about a fight which I was in bed sleeping and the only human being in the house was myself. There was no fight.

However on 05/31/06 I was attempting to file a second felony complaint to my civil rights but was denied my civil rights a second time and no cooperation whole

29452

**Track 1 – 10/30/05**

**Officer:**    3-1-1 Officer Graves may I help you?

**Darryl:**    Yeah, I didn't know whether, I'm filing a complaint.  I didn't know whether to call 9-1-1 or 3-1-1 I was told I could call either one.  So, maybe you could help me out.

**Officer:**    Okay sir, could you tell me what type of complaint you have?

**Darryl:**    Pardon?

**Officer:**    Why don't you tell me what the problem is?

**Darryl:**    Um, it's a perjury, tampering with physical evidence and conspiracy complaint against my former employers.

**Officer:**    Okay, why don't you explain the situation and then I can see if we can take it here.

**Darryl:**    Um, all right it's got to do with um two defense, actually they were um administration.  I reported two incidents that happened with one of my parolees, I was a parol counselor.  Um one, I report two incidents with my parolee messing with one of the counselors.  They uh they covered that up and they terminated me illegally and when I went to the unemployment hearing they lied, perjured themselves several times under oath.  Uh, they tampered with physical evidence and conspiracy with these same four people that were involved with my termination were also involved in my uh, the uh my parolee concert cover up.  So I over on the avenue and I was just told that District Attorney's office Mike Greene, I been, he's been in touch with me throughout this whole thing to file a complaint through the police.  So that's what I'm doing.

**Officer:**    Okay sir what is your name?

**Darryl:**    Darryl Allen.

**Officer:**    Where do you live sir?

**Darryl:**    I live at two twenty eight Nichols Street.

**Officer:**    N-I-C-H-O-L-S?

**Darryl:**    Right.  The um, the address is hidden but the house is freakin bushes that need to be trimmed.

**Officer:**    Okay and I'm sorry your last name?



**Darryl:**     Allen A-L-L-E-N.

**Officer:**    And spell your first name for me.

**Darryl:**     Um, D-A, D-A-R-R-Y-L and my middle initial is A because I usually, it's Darryl A Allen that's how I, uh, that's how it's spelled.  Or that's how I write it.

**Officer:**    Your phone number sir?

**Darryl:**     It's three three eight nine six two one.

**Officer:**    Okay, we'll send someone out to your house.

**Darryl:**     Thank you.

**Officer:**    All right Bye-Bye.

**Darryl:**     Bye.

# UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK
## TRANSCRIPTION SERVICE AGREEMENT

I, Denise LaDelia certify that the foregoing transcript of proceedings in the 311 Telephone Calls was prepared using standard electronic equipment and is a true and accurate record of the proceedings.

Signature _____

Agency Name (if applicable)_____

Address of Individual or Agency_____  ExecuScribe, Inc.
1320 University Avenue
Rochester, New York 14607

Date _____ 11/22/06 _____

23



## Track 2 – 5/31/06

**Officer:**    3-1-1 Operator Graves may I help you?

**Darryl:**    Yeah, I'm trying to, they said an officer was going to talk to me.

**Officer:**    I'm sorry sir?

**Darryl:**    They said an officer was going to talk to me.

**Officer:**    I am an officer how may I help you?

**Darryl:**    Okay yeah I wanted to file a felony complaint.  I'd like that officer to come to my house.

**Officer:**    Okay so you need to tell me what is going on first before we decide if it's a felony complaint and how it needs to be handled.

**Darryl:**    Um, it was, its unemployment hearings on March twenty fourth two thousand four.  It was a perjury against me tampering with physical evidence and conspiracy.  And I've been working in this for the longest time but people trying to block my constitutional rights.  I informed Mayor Duffy last to week to let him know what is going on and I sent something to the Rochester Police Department.  I tried to do this back in November and a police officer blocked my constitutional rights.  So, I'm trying to do this again.

**Officer:**    Okay well sir you need to get a hold of the original officer that you spoke with.

**Darryl:**    Uh, I don't think I can get in touch with him because I filed a formal complaint against him.

**Officer:**    Okay.

**Darryl:**    I need to talk to someone else.

**Officer:**    Well then I think you should start with an investigator and see if you have any charges that can actually be filed.

**Darryl:**    Um, I do have charges I have stuff in Federal Court right now.

**Officer:**    Okay sir that's all great but that's not a determination to make okay.  So I will give you a number to call.

**Darryl:**    Okay.

24

C

**Officer:**     Four two eight nine eight zero zero.  And you can speak to an investigator.

**Darryl:**     Nine eight zero zero?

**Officer:**     That is correct.

**Darryl:**     Well what classifies as far as, as far as I have definite, definite direct evidence that there's been a crime committed.  What I mean,

**Officer:**     Sir?

**Darryl:**     Yeah?

**Officer:**     There are clear classifications and I'm not going to go through them with you because you need to speak with an investigator if you, if these charges are federal offenses, this is perjury and what not okay?

**Darryl:**     Uh, it was done in uh, it was done in New York State Court.

**Officer:**     Okay well have a nice day and I gave you the number all ready.

**Darryl:**     What's your name?

**Officer:**     It's officer Graves.

**Darryl:**     Officer what?

**Officer:**     Graves.

**Darryl:**     Graves?

**Officer:**     Yes.

**Darryl:**     Can you spell that?

**Officer:**     G-R-A-V-E-S

**Darryl:**     R-A, what?

**Officer:**     V-E-S.

**Darryl:**     V-E-S. Graves.  Officer Graves?

**Officer:**     For the third time, yes sir.

**Darryl:**     Pardon?

25

**Officer:**     Yes sir.

**Darryl:**     Yes sir.

**Officer:**     Have a nice day.

**Darryl:**     Okay bye.

## UNIFIED COURT SYSTEM OF THE STATE OF NEW YORK
## TRANSCRIPTION SERVICE AGREEMENT

I, Denise LaDelia certify that the foregoing transcript of proceedings in the 311 Telephone Calls was prepared using standard electronic equipment and is a true and accurate record of the proceedings.

Signature _____

Agency Name (if applicable)_____

Address of Individual or Agency_____ ExecuScribe, Inc.
1320 University Avenue
Rochester, New York 14607
_____

Date _____11/22/06_____

26

May 24, 2006

Rochester Police Goodman Section
262 Waring Road
Rochester, New York 14614

Dear supervising Rochester Police Officer,

I am filing a formal civil rights complaint to the supervising Rochester Police Officer for Officer Ross. I will follow-up with my felony complaint to the appropriate and professional police officer that will take me serious and do his job by law. At this particular time, I do not intend to take any Federal action against the Rochester Police Department or Officer Ross for civil rights violations, providing my rights are not blocked again. Furthermore, my felony complaint was also recorded on 911. Officer Ross's actions influenced my lawsuit in November 2005. Finally, Mayor Bob Duffy has been informed about Pre-Trial Services Corporation corruption and has this Federal Court information. Thank you.

Sincerely,


Darryl A. Allen, M.S.Ed.


Xc: Officer Ross
    Mr. Green, District Attorney
    Mayor Bob Duffy

27

May 31, 2006


Rochester Police Department
185 Exchange Boulevard
Rochester, New York 14614


Dear Sergeant Lori Bishop,

I am filing a formal civil rights complaint to the supervising Rochester Police Officer for Officer Ross. I will follow-up with my felony complaint to the appropriate and professional police officer that will take me serious and do his job by law. At this particular time, I do not intend to take any Federal action against the Rochester Police Department or Officer Ross for civil rights violations, providing my rights are not blocked again. Furthermore, my felony complaint was also recorded on 911. Officer Ross's actions influenced my lawsuit in November 2005.  Finally, Mayor Bob Duffy has been informed about Pre-Trial Services Corporation corruption and has this Federal Court information.  Thank you.


Sincerely,



Darryl A. Allen, M.S.Ed.


Xc: Officer Ross
     Mr. Green, District Attorney
     Mayor Bob Duffy

28

OFFICE OF THE
# District Attorney
OF MONROE COUNTY

SUITE 832
EBENEZER WATTS BUILDING
ROCHESTER, NEW YORK 14614

MICHAEL C. GREEN
DISTRICT ATTORNEY

KENNETH C. HYLAND
FIRST ASSISTANT DISTRICT ATTORNEY

LARRY K. BERNSTEIN
SECOND ASSISTANT DISTRICT ATTORNEY

November 1, 2005

Mr. Darryl A. Allen
228 Nicholas Street
Rochester, New York 14609

Dear Mr. Allen:

Thank you for your letter of October 23, 2005. From the information you provided me, I do not see any evidence to support your claim that a crime has been committed.

If you do feel you have been the victim of a crime you should report the matter to the appropriate police agency where you believe the crime occurred. Generally my office does not take complaints and conduct initial investigations. The police perform that function. My office prosecutes the cases resulting from their investigations. In the example you cite in your letter the Brighton Police and Monroe County Sheriff's Office conducted the investigation and made the arrest and now my office is prosecuting the case.

Very truly yours,

MICHAEL C. GREEN
Monroe County District Attorney

MCG/kf

29



---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
ROCHESTER, NY 14614

| | |
|---|---|
| Postage | $ 3.95 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 8.00 |

Postmark
JAN 2 7 2004
Clerk: KTQQ1S
01/27/USPS-14609
BEECHWOOD STA ROCHESTER

Sent To: Mike Green DA
Street, Apt. No.; or PO Box No.: 47 South Fitzhugh St
City, State, ZIP+4: Rochester NY 14614

7003 1010 0003 2761 6380

PS Form 3800, June 2002    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
ROCHESTER, NY 14614

| | |
|---|---|
| Postage | 0.60 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Postmark
APR 0 9 2004
Clerk: KTQQ1S
BEECHWOOD STA ROCHESTER
USPS-14609

Sent To: Mike Green DA
Street, Apt. No.; or PO Box No.: 47 South Fitzhugh St
City, State, ZIP+4: Rochester NY 14614

7003 3110 0002 1970 9963

PS Form 3800, June 2002    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
ROCHESTER, NY 14614

| | |
|---|---|
| Postage | 1.98 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.03 |

UNIT ID: 14609
Postmark Here
APR 2 9 2004
Clerk: KTQQ1S
04/29/04
BEECHWOOD STA ROCHESTER
USPS-14609

Sent To: Mike Green DA
Street, Apt. No.; or PO Box No.: 47 South Fitzhugh St
City, State, ZIP+4: Rochester NY 14614

7003 3110 0002 1970 8004

PS Form 3800, June 2002    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
ROCHESTER, NY 14614

| | |
|---|---|
| Postage | 0.60 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

UNIT ID: 14609
Postmark Here
NOV - 2 2004
Clerk: KMK02K
11/02/04
ROCHESTER NY
BEECHWOOD STA-USPS

Sent To: Mike Green District Attorney
Street, Apt. No.; or PO Box No.: 47 South Fitzhugh Street
City, State, ZIP+4: Rochester NY 14614

7003 3110 0002 1966 8704

PS Form 3800, June 2002    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
ROCHESTER, NY 14614

| | |
|---|---|
| Postage | 0.49 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.54 |

UNIT ID: 14609
Postmark Here
JAN 1 8 2005
Clerk: KMK02K
01/18/05
USPS-14609
BEECHWOOD STA ROCHESTER

Sent To: Mike Green District Attorney
Street, Apt. No.; or PO Box No.: 47 South Fitzhugh Street
City, State, ZIP+4: Rochester NY 14614

7003 3110 0002 1968 2052

PS Form 3800, June 2002    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE
ROCHESTER, NY 14614

| | |
|---|---|
| Postage | 0.60 |
| Certified Fee | 2.30 |
| Return Reciept Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.65 |

Postmark Here
MAR 0 9 2005
Clerk: KTQQ1S
USPS-14609
BEECHWOOD STA ROCHESTER

Sent To: Mike Green District Attorney
Street, Apt. No.; or PO Box No.: 47 South Fitzhugh Street
City, State, ZIP+4: Rochester NY 14614

7004 0750 0000 0487 4792

PS Form 3800, June 2002    See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

ROCHESTER, NY  14614

| | | |
|---|---|---|
| Postage | $ | 2.90 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 6.95 |

Postmark Here
MAR 3 0 2005
Clerk: KMK02K
03/30/05 USPS.-14609

Sent To  Mike Tantigrossi DA's Office
Street, Apt. No.; or PO Box No.  47 S. Fitzhugh
City, State, ZIP+4  Rochester NY 14614

PS Form 3800, June 2002                    See Reverse for Instructions

7004 0750 0000 0488 5071

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

ROCHESTER, NY  14614

| | | |
|---|---|---|
| Postage | $ | 0.60 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.65 |

Postmark Here
OCT 24 2005
Clerk: KMK02K
10/24/05 USPS.-14609

Sent To  Mike Green DA's Office
Street, Apt. No.; or PO Box No.  47 South Fitzhugh Street
City, State, ZIP+4  Rochester NY 14614

PS Form 3800, June 2002                    See Reverse for Instructions

7004 1160 0006 0322 3878

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

ROCHESTER, NY  14609

| | | |
|---|---|---|
| Postage | $ | 0.87 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.12 |

Postmark Here
MAY 2 4 2006
Clerk: KT9015
05/24/06 USPS.-14609

Sent To  Rochester Police Dept.
Street, Apt. No.; or PO Box No.  150 Waring Road
City, State, ZIP+4  Rochester NY 14609

PS Form 3800, June 2002                    See Reverse for Instructions

7005 1820 0005 6047 7035

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

ROCHESTER, NY  14609

| | | |
|---|---|---|
| Postage | $ | 0.87 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.12 |

Postmark Here
MAY 2 4 2006
Clerk: KT9015
05/24/06 USPS.-14609

Sent To  Officer Ross Rochester Police Dept.
Street, Apt. No.; or PO Box No.  150 Waring Road
City, State, ZIP+4  Rochester NY 14609

PS Form 3800, June 2002                    See Reverse for Instructions

7005 1820 0005 6047 7042

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Tantigrossi, DA's office
47 South Fitzhugh Street
Rochester, NY 14614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  M Melynski                    ☒ Agent
                                 ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery
                                    3 31 05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7004 0750 0000 0488 5071

PS Form 3811, February 2004       Domestic Return Receipt       102595-02-M-1540

31

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ROCHESTER NY 14614  CIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.39 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.64 |

Sent To  Mike Green District Attorney
Street, Apt. No.; or PO Box No.  U.S. 112 Main Street
City, State, ZIP+4  Rochester NY 14614

PS Form 3800, June 2002    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

ROCHESTER NY 14614  CIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.39 |
| Certified Fee | | $2.40 |
| Return Receipt Fee (Endorsement Required) | | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $4.64 |

Sent To  Lori Bishop Rochester Police Dpt
Street, Apt. No.; or PO Box No.  185 Exchange Boulevard
City, State, ZIP+4  Rochester NY 14614

PS Form 3800, June 2002    See Reverse for Instructions

7006 0810 0005 1040 5076

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Green District Attorney
41 S. Fitzhugh Street
Rochester, NY 14614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Linda Celea_    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7006 0810 0005 1040 5076

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Sergeant Lori Bishop
185 Exchange Boulevard
Rochester NY 14614

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _K Mae Jm_    ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise

32

F

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Green DA
47 South Fitzhugh St
Rochester, NY 14614

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Senda Colbert_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Senda Colbert_   4-30-04

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7003 3110 0002 1970 6963

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Green DA
47 South Fitzhugh St
Rochester, NY 14614

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7003 3110 0002 1970 8004

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mike Green DA
47 South Fitzhugh St
Rochester, NY 14614

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7003 3110 0002 1966 8704

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-1540

---

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

Mike Green District Attorney
47 South Fitzhugh Street
Rochester, NY 14614

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

7004 0750 0000 0487 4792

PS Form 3811, August 2001   Domestic Return Receipt   102596-02-M-1540

 **City of Rochester**
**Records Access Response**

Communications Bureau, 30 Church St. RM 202A, Rochester, NY 14614

**TO:**      Darryl Allen
             P.O. Box 90927                                            10/25/2006
             Rochester, NY  14609

**RE:**      Your Records Access Request,          **REFERENCE #:**        **29581**
             Received by the City on:  09/29/2006
             Requesting  information about:
             *228 Nichols St.: recording of 10/30/05 call  & 5/31/06 call; name
             of operator who took calls and supervisor at time of calls*

**STATUS:**  Your records access request has been approved.

             Thank you for your total payment of $2.00 for disk you received on
             October 20, 2006 and the disk you received on October 25, 2006.

             The operator who took both calls was Maria Graves. The supervisor
             during both calls was Sgt. Daniel Holmsten.


Yours truly,

*Gary G. Walker*
Gary G. Walker
Records Access Officer

34                                                    G

January 16, 2005


Mike Green, District Attorney
47 South Fitzhugh Street
Rochester, New York 14614


Dear Mike,

I am writing you at this time to discuss filing criminal charges of perjury against Pre-Trial Services Corporation, Executive Director, Barbara Darbey.  I was advised by legal counsel to go through the District Attorney.  Ms. Darbey has deeply effected mine and my children's lives mentally & physically, due to her lies.  I was wronged and do not intend to go away until something is done about Ms. Darbey's illegal & unethical behavior.  Mike I would appreciate meeting with you in person as soon as possible to discuss my legal options for filing criminal charges.  Thank you.



Sincerely,



Darryl A. Allen,  M.S. Ed.

35

October 23, 2005

Mike Green, District Attorney
47 South Fitzhugh Street
Rochester, New York 14614

Dear Mike,

I want to file felony criminal charges against both Barbara Darbey and Craig McNair for 1st & 2nd degree perjury class D & E felonies and tampering with physical evidence a class E felony. These people have deeply damaged my children's lives and my counseling career, as well as, mine. We have been fighting an unjust and racist court system for 3-years now. This whole injustice started because of a corrupt administration and an honest employee. The politics has clearly outweighed the law in this case. I have been a law abiding citizen and good father. I am looking for real justice and honesty. This is the reason why I was sending information to the District Attorney's office throughout this period. However, I have felt a little bit uncomfortable and avoided when I have called your office to speak to you and your staff states that you are preoccupied every time. I am not attempting to get any special favors or treatment because I do not work that way; I am strictly about business and by the law. It has been quite obvious throughout this entire ordeal that nobody else seems to care about the crimes committed against my children me. Furthermore, the pain & suffering we have encountered continues each and everyday. However, I am not stepping down but stepping up and will continue to pursue this until something is done. There won't be anybody to talk me out of filing felon complaints because nobody else has gone through the pain & suffering my family and I have endured.

I am getting in touch with you because you are the District Attorney and serious crimes have been committed against my family and me, which has changed our lives for the worse. Your office has the legal jurisdiction to prosecute these individuals for the crimes they committed in a court of law. Mike these individuals committed a minimum of 5-felon acts according to the penal law and need to be held accountable for those crimes. These are not violations or misdemeanors but felonies and they have caused great pain to my family and I will not let this go. I am not asking you to personally prosecute them yourself. However, you hold the legal power as the District Attorney to do something and I am a crime victim who has been injured from these crimes.

You worked with both of my brothers Dan & Dave at the Henrietta Town Park, I worked with you a few times professionally in the criminal justice system and we grew up in the same town. I worked long and hard for my college degrees and my career but because some people lied on me, it changed my life. The home my children grew up in and lived in for the past 11-years has been foreclosed due to my unemployment status, which resulted from these lies.

The mortgage company for the house will probably be posting an eviction notice on the front door in November 2005. The only place my children and me will be able to go is to my parent's home in Henrietta and my son will have to enroll in a different school.

My daughter will continue attending the School of the Arts for graphic arts regardless because I will not allow her career opportunity to be ruined through these lies and injustice. My father has been caring for my mother who is bed ridden and dying from Alzheimer's disease at their home. My parent's are on a set income dealing with nurses and aids and providing money and resources to my children and me all because of somebody's lies. My whole family has been under serious stress because of these events not to mention other stressors. I am sure glad that my mother does not know what is going on but if she did, she would have done the same thing. My mother has helped a lot of people out in her lifetime and would be outraged about this.

My father and both Dave & Dan have been financially assisting me throughout this entire ordeal not to mention receiving food stamps. This could happen to anybody at any time in their lives for just doing their job and being honest. I hold the legal evidence to prosecute these individuals according to the penal law by law and it is my right to do so.

Finally, Mike I hope your office could treat my case with the same attention as to the under age drinking party crimes that has been in the media. The news media has been made aware of my story however; it just hasn't been publicized yet. I just want to be treated like a regular victim of a crime who has been wronged and is reporting some crimes. I just want justice served. I have been pursuing my case for the past 3-years directly through the civil courts and all of their politics, which should have been handled through the criminal courts in the first place. However, this is now my main focus to prosecute these individuals in criminal court because they committed serious felony crimes punishable by law against my family and me and there is no defense for perjury, which will eliminate any cover-ups or politics involved. Mike I would please appreciate somebody from your office contacting me as soon as possible so that we can resolve this matter quickly and it will avoid me bothering you at your office. I will not stop pursuing this matter and will use any legal means necessary until justice has been served in a court of law. Thank you.

Sincerely,

my phone-# 338-9621

Darryl A. Allen, M.S. Ed.

Enclosures

37

November 5, 2005


Mike Green, District Attorney
47 South Fitzhugh Street
Rochester, New York 14614


Dear Mike,

Thank you for your letter dated November 1, 2005. I appreciate your clarification about the process and do apologize for my ignorance in the procedures or steps needed to be taken in order for your office to prosecute a case. Although, I had already taken those steps on October 30, 2005 but a non-professional Rochester Police Officer did not take my complaint serious from the beginning and did not get back in touch with me as he said he would. As for the information I sent you, that was only information. I have a folder full of legal evidence that was never even looked at by Officer Ross. He only looked at two letters I wrote you and took 3 names down on a small notepad and stayed about 10 minutes. However, I will follow-up with my complaint to the appropriate and professional police officer that will take me serious and do his job by law. Thank you.


Sincerely,



Darryl A. Allen, M.S.Ed.


38

# City of Rochester
# RECORDS ACCESS APPLICATION

*(Please print or type )*

Date 9/29/06

Print Name Darryl g. allen

Representing myself

Telephone # 427-8624

Mailing Address P.O. Box 90927
Rochester, NY 14609

Signature *(signature)*

I hereby apply to inspect ☐ and / or copy ☐
the following record(s):

Re: 228 Nichols St.
recording or transcript of call

4 # 335169 on 10-30-05 to 911

And 5-31-06 call to 311 (see attached)

Jay Smith

Claim #

E-mail address:

---

Return completed application to:
**Records Access Officer**
**Bureau of Communications**
**City Hall, 30 Church Street, Room 202A**
**Rochester, New York 14614-1287**
or FAX to: (585) 428-7069

There is a 25¢ per page charge for copying most records.
For more information on public access to records,
call (585) 428-6066.

* request
is caller on both incidents

---

## FOR AGENCY USE ONLY

☐ Approved

☐ Partially Approved                    _____
                                        Records Access Officer
☐ Denied

☐ Record not maintained by the City     _____
                                        Date

## FOR APPEAL ONLY

*If you wish to appeal the Record Access Officer's decision
on your application for public access to records, sign
below and send this form within 30 days to:*

Corporation Counsel
City Hall, 30 Church Street, Room 400A
Rochester, New York 14614-1295

I hereby appeal:

_____
Signature

_____
Date

39

```
Entered        10/30/05  12:48:46  BY TS02   810614
Dispatched     10/30/05  12:49:34  BY PD12   7180
Onscene        10/30/05  12:56:48
Closed         10/30/05  13:58:05
```

```
Initial Type: FORGB      Final Type: FORGB   (REPORT - (1 UNIT))
Initial Priority: 2      Final Priority: 2
Disposition: 40  78           Source: 9    Primary Unit: 2522
Police BLK: 096952  Fire BLK: 002416  EMS BLK: 048004
Group: RP3       Beat: RP25 Wrecker Zone: 1200   Map Page: 1200   Node: 11122
Loc: 228 NICHOLS ST ,ROC  btwn FERNWOOD AV & NORTHLAND AV <200> (V)
Loc Info:                                       Phone1:
Name: DARRAYL ALLEN          Addr: 228 NICHOLS ST      Phone2: 338-9621
```

```
Wireless Latitude:  3180569     Longitude:  7581090     Confidence:
```

```
/1248  (810614)   ENTRY          COMPL STATED THAT HE IS A PAROLE OFFICER WHO WAS
                                   FIRED AND WOULD LIKE TO PRESS CHARGES AGAINST H
                                   IS FORMER EMPLOYERS FOR FORGING DOCUMENTS AND LY
                                   ING UND ER OATH.
/1249  (7180 )    DISP     2822   #810885 HAMILL, SCOTT D.
/1249             $ASNCAS  2822   $CTYP05335169
/1250             $PREMPT  2822
/1250             $DISP    2522   #810870 ROSS JR., VIRGIL
/1250             PREDSP   2822   2522   T/38
/1250             PRIU     2522
/1256  (810870)   *ONSCNE  2522
/1322  (7180 )    $PREMPT  2522
/1358  (7080 )    CLEAR           DSP: 40  78
/1358             CLOSE    2522
```

40

October 11, 2006

**Chapter LX NEW YORK STATE 911 BOARD-Section 5203.2**
**Public Safety Answering Point (PSAP)**
**To Whom It May Concern:**

Joseph C. Fratta, Communications Aide/Records Access for Rochester City Hall has been very helpful and cooperative in doing his job. I would not want anything to change that. On 10/10/06 I informed him that I requested the actual non-hearsay recordings from both 10/30/05 & 5/31/06, when I personally called the PSAP Communications Center. I did not want a 911 operators subjective view of the events, which was inaccurate anyway.
**NOTE: Section 5203.2 Equipment.**
(e) *Recorder system.* The authority shall:

(1) ensure that all emergency communications to and from all PSAPs, including telephone and radio transmissions, shall be recorded;
(2) have a written policy establishing procedures for the playback and recording of emergency communications;
(3) have a written policy for the securing and storage of recordings;

(4) establish criteria, and have a written policy for, access to recordings;

(5) maintain a schedule for retention of PSAP recordings; and

(6) ensure that instant playback units are located at all call-taker positions.

(f) *Call detail record.* All PSAPs shall have the capability to provide an automatic call detail record (ACDR) of every emergency call received, either by recording equipment or CAD log.

Furthermore, I request the first and last names of the initial 911 operator from 10/30/05, which was a female voice and the 311 operator from 5/31/06, as well as, their supervisors first and last name(s). Finally, my Master's degree is in behavioral science and I document everything. I would appreciate those records as soon as possible. Thank you.

Sincerely,

Darryl A. Allen, **M.S.Ed.**

Xc: Joseph C. Fratta
    Mayor Bob Duffy
    Mr. Green, District Attorney
    Sergeant Lori Bishop

**Darryl A. Allen**
**P.O. Box 90927**
**Rochester, NY 14609**



41

POLICE INFORMATION CLERK - Job Opportunity with the City of Rochester,N.Y.

Case 6:06-cv-06634-MAT   Document 1   Filed 12/21/06   Page 42 of 61        Page 1 of 4



## Job Opportunities with the City   [back to listings]

Listing Type: **Exam Announcement**
Job Title: **POLICE INFORMATION CLERK**
Exam No.: **OC-62746**
Job Type: **Full Time**
Salary Range: **$26,327 - $32,239**
Exam Date: **09/09/2006**
Application Fee: **$15.00**
Application Deadline: **08/11/2006** *(Applications must be received or post marked by this date.)*

**Candidates must record Examination Number and Job Title on the Application.
All exams require a non-refundable $15.00 application fee due by final filing date.**

Employment/Exam Application          |    Exam Application Fee Statement form

## MINIMUM QUALIFICATIONS:
------------------------------------------------
High school diploma* or G.E.D.*        AND

Two (2) years full time clerical experience which includes six (6) months operating a keyboard such as but not limited to a typewriter or word processor.

*Candidates who expect to receive this degree or diploma by August 1, 2007, may participate in the examination. If successful on the examination, you will not be certified for appointment until you have submitted proof of completion of the requirements to the City of Rochester Examination Administration unit. Proof must be submitted no later than 2 (two) months after the completion of your degree or diploma; failure to do so will result in removal of your name from this list.

## SPECIAL REQUIREMENTS:
------------------------------
Must be available and willing to work all shifts as assigned.
Must have satisfactory police records and background check.
Must pass a hearing test.

## DESCRIPTION OF DUTIES:
------------------------------------------
This is a clerical position in the Rochester Police Department Technical Support Section involving the quick and accurate gathering and transmittal of information for police officers and other law enforcement personnel. Employees work under the direct supervision of a Lead Police Information Clerk and a police supervisor. Related work is done as required.

## TYPICAL WORK ACTIVITIES:
-------------------------------------------
Receives and transmits information to law enforcement personnel/agencies via 2-way radio, telephone and teletype:

42

Responds to requests for information received by mail from police/military agencies and from law enforcement personnel on a walk-in basis;

Logs incoming calls from 2-way radio per FCC regulations;

Enters, deletes, corrects, verifies, and retrieves information into various computer systems using teletype information, codes and reference materials;

Gathers and verifies information quickly and accurately by searching various sources such as computers, teletype, photograph files, card files and reference books;

Checks, verifies, compares various forms, files, and reports for coding, completeness, correctness, and duplications;

Types information for files and data for Court Docket when computer is not functioning;

Adds information to and sets up files.


SCOPE OF THE EXAMINATION:
-----------------------------------------------------

This is a written test is designed to evaluate knowledge, skills and/or abilities in the following areas:


1. Clerical operations with letters and numbers-These questions test your skills and abilities in clerical operations involving alphabetizing, comparing, checking and counting. The questions require you to follow the specific directions given for each question which may involve alphabetizing, comparing, checking and counting given groups of letters and/or numbers.


2. Coding/decoding information-These questions test your ability to use written directions to code and decode information accurately. You will be asked to apply sets of coding rules to code information and to interpret coded information. Complete directions will be provided; no previous knowledge of or training in any coding system is required.


3. Principles and practices of customer service-These questions test for the ability to provide constructive, courteous and effective customer service and assistance. Questions will cover such topics as dealing with customers who have a wide variety of needs, problems, personalities and/or familiarity with the system, and acting in a positive and effective manner as the customer's first and primary contact in the conduct of agency business.


4. Name and number checking-These questions test your ability to distinguish between sets of words, letters, and/or numbers that are almost exactly alike. Material is usually presented in two or three columns, and you will have to determine how the entry in the first column compares with the entry in the second column and possibly the third. You will be instructed to mark your answers according to a designated code provided in the directions.


5. Understanding and interpreting written material-These questions test how well you comprehend written material. You will be provided with brief reading selections and will be asked questions about the selections. All the information required to answer the questions will be presented in the selections; you will not be required to have any special knowledge relating to the subject areas of the selections.


The Use of Calculators is ALLOWED for This Exam.   Candidates are permitted to use quiet, hand-held, solar or battery powered calculators. Devices with typewriter keyboards, "Spell Checkers", "Personal Digital Assistants", "Address Books", "Language Translators", "Dictionaries", or any similar devices are prohibited.


RATING:
------------------

This examination will be rated in accordance with section 23.2 of the Civil Service Law.  The provision of the NYS Civil Service Rules and Regulations dealing with the rating of examinations will apply to this exam.


WEIGHT:
------------------

The written exercise will contribute 100% to the final score.

43

# Welcome to the
# City of Rochester, NY
*An All-America City*

| I Want To.... | Services by Name | Services by Department | Index | Search |

## Police Department

- About Us
- Services
- What's New
- Contact Us
- Join Us
- Message from the Chief
- Questions?

## Services

311

Special Programs

## Special Programs

Here are some special programs offered by the Rochester Police Department. For a complete listing of all our services, please see About Us:

### Crimestoppers

Crimestoppers encourages individuals to call in with information regarding felony crimes and wanted felony fugitives in the Rochester area. Crimestoppers will keep a caller's identity anonymous and pay rewards of up to $1,000 for information that leads to an arrest and indictment of the suspect. Crimestoppers airs on a local television station a Crime of the Week and three (3) wanted felons from the Rochester area. Crimestoppers also publishes wanted felony fugitives in the Gannett Newspaper. In addition, Crimestoppers oversees the Drug and Gun Hotlines.

### Drug Hotline: (585) 428-6000

This program was established to solicit information on known and unknown drug locations and dealers in the City of Rochester. The information received is then forward to the Narcotics Unit for follow-up investigations. Callers are given the opportunity to remain anonymous or give their name and telephone number so that the investigator can contact them if needed or desired. The phone is staffed by graduates of the RPD Citizen Police Academy Monday - Saturday, 4:00 PM to 10:00 PM. Other time's calls are transferred to the RPD dictaphone system.

### Gun Hotline: (585) 428-6000

This Hotline is intended for citizens to call and give information regarding those individuals in our community that they know to possess or deal in illegal firearms. The Gun Hotline is staffed as is the Drug Hotline.

### PAC-TAC

The Police and Citizens Together Against Crime (PAC-TAC) Program has existed in one form or another in Rochester for over 20 years. Initially, officers and volunteer citizens patrolled neighborhood streets on foot, being attentive to potential criminal activity and interacting with residents and merchants. Eventually this program has evolved to its present form, in which citizens patrol their own neighborhoods in pairs. While a police officer is not walking with the volunteers , they are supervised by an on-duty patrol officer or crime prevention officer as they walk their neighborhoods. All volunteer citizens receive extensive training and are issued distinctive clothing (usually a shirt or jacket), a flashlight and a portable radio which has all of the frequencies that patrol officers use. If the volunteers spot criminal activity, or are in need of other assistance, they can summon an officer via radio. In addition to foot patrols, some patrol sections have bike patrol PAC-TAC as well. Contact the Crime Prevention Officer in your local NET office for more information and or an application.

### Police Explorer Post 655

The Police Explorer Post is an organization established with support of the Boy Scouts of America.

Its purpose is to offer young men and women insight into the field of law enforcement.

December 6, 2006

On December 5, 2006 at approximately 10:00a.m., this plaintiff talked with Joe Fratta

from City Hall.  Joe informed me that the Rochester Police Department have not

answered the request for the name of the Police Information Clerk as of yet.

"I don't understand," according to the Rochester Police Department's e-mail.

Joe's going to request that the requester {this plaintiff} wants all e-mails from the

Rochester Police Department to City Hall about the requested information.  Joe Fratta

and this plaintiff are in agreement that the Rochester Police Department have not

supplied the information yet.  This plaintiff is to contact Joe Fratta on Friday 12/8/06

concerning the information. Joe stated that Sylvia is handling the request.

_____     Pro Se
   (Signature)

Joe Fratta informed me by phone on 12/6/06 at 2:45p.m., ordered by his supervisor not to
sign anything. Communications Records Access
   (Signature)

Sworn to before me this _____ 6 ___
day of __December__, 2006

_____
   Notary Public

KONNIE M. COLLINS
Notary Public, State of New York
My Commission Expires Nov. 29, 20 08

P

45

Friday, December 08, 2006


Joseph C. Fratta, Communications Aide/Records Access
City of Rochester
Bureau of Communications
City Hall, Room 202-A
30 Church Street
Rochester, NY 14614-1290


Re: Freedom of Information Act Request


Dear Joe,

This is a request under the Freedom of Information Act 5 U.S.C. section 552.

I request that a copy of the following documents [or documents containing the

following information] be provided to me: the Rochester Police Department name, rank,

and title or position for this telephone number 428-9800 on the day of May 31, 2006.

Further, all Rochester Police Department personnel who had access to 428-9800 on

May 31, 2006 between 8:00a.m. to 5:00p.m. The name, rank, and position or title for

each individual on this date and time.  In addition, all the Rochester Police Department

personnel that are gathering this request, their names, rank, and position or title to ensure

a clear path and no misunderstandings for all involved.  This information is being sought

for personal use.  I am willing to pay fees for this request up to a maximum of $5.00.  If

you estimate that the fees will exceed this limit, please inform me first.  If you deny any

part of this request, please cite each specific reason that you think justifies your refusal



to release the information and notify me of appeal procedures available to me under the

law.  If you have any questions processing this request, you may contact me at the

following telephone number (585)-427-8624 or P.O. Box 90927, Rochester, NY 14609.

Thank you for your consideration of my request.  **Note:** give a copy of this letter to

R.P.D.

Sincerely,

Darryl A. Allen, M.S.Ed.

Xc: Rochester Police Dept.
    U.S. District Court of
    Western New York

Sworn to before me this ____8+____

day of _December_, 2006

_____
            Notary Public

KONNIE M. COLLINS
Notary Public, **State of New York**
My Commission Expires Nov. 29, 20__08__



## Sylvia Rosello - #29931 - STATUS CHECK

*29931*

**From:**   Sylvia Rosello
**To:**     Perez-Dunham, Margarita
**Date:**   12/1/2006 10:16 AM
**Subject:** #29931 - STATUS CHECK
**CC:**     Fratta, Joe

Last name of "PAT" at Police Information Clerk Lori Bishop's line.

Thanks

48



29931

**From:**      Margarita Perez-Dunham
**To:**        Rosello, Sylvia
**Date:**      12/1/2006 10:25 am
**Subject:**   Re: #29931 - STATUS CHECK

I do not understand

>>> Sylvia Rosello 12/01/06 10:16 AM >>>

Last name of "PAT" at Police Information Clerk Lori Bishop's line.

Thanks



## Joe Fratta - FOIL #29931: STATUS?

*29931*

| | |
|---|---|
| **From:** | Joe Fratta |
| **To:** | Perez-Dunham, Margarita |
| **Date:** | 12/5/2006 10:18 AM |
| **Subject:** | FOIL #29931: STATUS? |
| **CC:** | Rosello, Sylvia |

RE:  On 5-31-06 at 11:21 AM Darryl Allen placed a call to 311. Dispatcher Maria Graves patched Mr. Allen through to the Police Information Clerk for Lori Bishop who identified herself as "Pat."  Mr. Allen wants to know Pat's last name.

Mr. Allen has been inquiring about the status of this request.

50



29931
3000.5

**From:**      Jeff Eichner
**To:**        Rosello, Sylvia
**Date:**      12/6/2006 9:05 am
**Subject:**   Re: Fwd: FOIL #29931: STATUS?

I guess I do not know where he got this.

>>> Margarita Perez-Dunham 12/5/2006 12:10 pm >>>
no Pat.

>>> Jeff Eichner 12/05/06 12:00 PM >>>
We finally did find his call on a 311 tape and he got a copy.  Do we have a PIC named Pat that may have been working that day?

>>> Margarita Perez-Dunham 12/5/2006 10:59 am >>>
Jeff, do you know what he is talking about?



29931

| | |
|---|---|
| **From:** | Jeff Eichner |
| **To:** | Fratta, Joe;  Perez,,Dunham, Margarita |
| **Date:** | 12/6/2006 9:06 am |
| **Subject:** | Re: FOIL #29931: STATUS? |

**CC:**          Rosello, Sylvia
Is this a secretary in an office by any chance?  Lori's office?

>>> Joe Fratta 12/5/2006 10:18 am >>>
RE:  On 5-31-06 at 11:21 AM Darryl Allen placed a call to 311. Dispatcher Maria Graves patched Mr. Allen through to the Police Information Clerk for Lori Bishop who identified herself as "Pat."  Mr. Allen wants to know Pat's last name.

Mr. Allen has been inquiring about the status of this request.



29931

**From:**       Margarita Perez-Dunham
**To:**         Rosello, Sylvia
**Date:**       12/6/2006 11:59 am
**Subject:**    Re: Request for Resolution (COM Freedom of Information System)

fax me 29931

>>> FOI Request System (Sylvia Rosello) 12/06/06 11:36 AM >>>
This is an E-mail generated from the COM Freedom of Information System.  Please respond to the Communications
Office with resolution.


>>>> REFERENCE# 30005  (Date Received 12/6/2006) <<<<
REQUESTOR: Darryl Allen
PHONE: 427-8624
ORGANIZATION:
ADDRESS: PO Box 90927
REQUEST DESCRIPTION: all emails/interdepartmental correspondence concerning FOI #29931



53

## Sylvia Rosello - FOIL #29931: JEFF EICHNER'S ADVICE

*29931*

| | |
|---|---|
| **From:** | Joe Fratta |
| **To:** | Perez-Dunham, Margarita |
| **Date:** | 12/7/2006 9:30 AM |
| **Subject:** | FOIL #29931: JEFF EICHNER'S ADVICE |
| **CC:** | Eichner, Jeff;  Rosello, Sylvia |

RE: Darryl Allen request: name of Police Information Clerk for Lori Bishop who took 311 call from Darryl Allen on 5/31/06 @ 11:21 AM

Jeff Eichner has advised to see if Eastside secretary "Pat" was the one who was taking calls for Lori Bishop on the day and time in question. If so, we need to get her last name.

54



2993

| | |
|---|---|
| **From:** | Jeff Eichner |
| **To:** | Fratta, Joe |
| **Date:** | 12/7/2006 5:02 pm |
| **Subject:** | Fwd: Re: FOIL #29931: STATUS? |

>>> Margarita Perez-Dunham 12/6/2006 11:55 am >>>
no, she is in Research/Evaluation

>>> Jeff Eichner 12/06/06 10:34 AM >>>
Is Lori east side?

>>> Margarita Perez-Dunham 12/6/2006 10:02 am >>>
The only Pat is the secretary at the east side office...

>>> Jeff Eichner 12/06/06 9:06 AM >>>
Is this a secretary in an office by any chance? Lori's office?

>>> Joe Fratta 12/5/2006 10:18 am >>>
RE:  On 5-31-06 at 11:21 AM Darryl Allen placed a call to 311. Dispatcher Maria Graves patched Mr. Allen through to the Police Information Clerk for Lori Bishop who identified herself as "Pat."  Mr. Allen wants to know Pat's last name.

Mr. Allen has been inquiring about the status of this request.



29931

| | |
|---|---|
| **From:** | Margarita Perez-Dunham |
| **To:** | Fratta, Joe |
| **Date:** | 12/8/2006 8:54 am |
| **Subject:** | Re: FOIL #29931: JEFF EICHNER'S ADVICE |

ask him if he spoke to a male or female Pat

>>> Joe Fratta 12/07/06 9:30 AM >>>
RE: Darryl Allen request: name of Police Information Clerk for Lori Bishop who took 311 call from Darryl Allen on 5/31/06 @ 11:21 AM

Jeff Eichner has advised to see if Eastside secretary "Pat" was the one who was taking calls for Lori Bishop on the day and time in question. If so, we need to get her last name.



### i. Federal Constitution

Constitutions create the framework of government and define individual rights and liberties. They are the highest primary authorities, and the Constitution of the United States is the supreme law of the United States. Any federal case or statute, or any state constitution, case, or statute that violates the U.S. Constitution is "unconstitutional." An unconstitutional law or rule is completely invalid. Thus, the Constitution should be your first source in researching your case, and you should determine if a constitutional provision is related to your case at the beginning of your research. The first ten amendments to the Constitution (the "Bill of Rights"), along with the Fourteenth Amendment, are the most important parts of the Constitution for criminal defendants and prisoners. They contain guarantees of individual rights and liberties. Of particular interest are the First Amendment (freedom of speech), the Fourth Amendment (search and seizure), the Fifth Amendment (grand jury indictment, double jeopardy, self-incrimination, due process), the Sixth Amendment (jury trials for crimes, procedural rights), and the Eighth Amendment (excessive bail, cruel and unusual punishment). The Fourteenth Amendment is also very important because it prohibits *state* governments from depriving you of life, liberty, or property without due process of law, and it guarantees the equal protection of law. Similar rights are guaranteed against the *federal* government through the Fifth Amendment. The text of the Constitution can be found in the first nine volumes of the *United States Code Annotated* (U.S.C.A.).

### ii. State Constitutions

Each state has its own constitution. The text of the New York State Constitution can be found in the first few volumes of *McKinney's Consolidated Laws of New York Annotated* (McKinney's). Each state's constitution is supreme over all other laws of that state, including all statutes passed by the legislature and all cases decided in its courts. State constitutions are not supreme, however, over federal law. State constitutions apply only to state law. While many provisions of state constitutions are similar to provisions found in the U.S. Constitution, your state constitution may give you more rights than the U.S. Constitution. Thus, you should consult your state constitution after reviewing the U.S. Constitution.

The U.S. Constitution and most state constitutions are found in "annotated" volumes. Annotated volumes include the text of each constitutional provision and summaries of cases that have interpreted them. Following the constitutional text is a section titled "Notes of Decisions" which consists of case summaries grouped into separate legal points. There is an index to those legal points at the beginning of each "Notes of Decisions" section. The case citation[13] for the case being summarized follows the summary paragraph(s). Annotated volumes also contain other research tools that can help a researcher. These include cross-references to legal encyclopedias, relevant treatises, and the West "key number system" (discussed later in this Chapter). Finally, annotated volumes often contain summaries of legislative history, which gives you information about why a particular legislation was passed.

To find the relevant constitutional provisions for your case, use the constitutional index found at the back of the final constitutional volume.[14] The methods by which one locates

S

---

13.      Case citations are discussed later in this Chapter.
14.      Note that there is a separate index for the constitutional volumes of the U.S.C.A. A larger multi-volume paperback index is published for the rest of the U.S.C.A. volumes that refer to legislation, but that index does not contain any references to the Constitution.

 **City of Rochester**
**Records Access Response**
Communications Bureau, 30 Church St. RM 202A, Rochester, NY 14614

**TO:**    Darryl Allen                                         12/15/2006
           P.O. Box 90927
           Rochester, NY  14609

**RE:**    Your Records Access Request,       **REFERENCE #:**      **29931**
           Received by the City on  11/21/2006
           Requesting  information about:
           *name of Police Information Clerk for Lori Bishop who took*
           *311 call from Darryl Allen on 5/31/06 @ 11:21 AM & last*
           *name of Eastside secretary "Pat"*

**STATUS:**

           The Eastside secretary whose last name you have inquired about is
           Patricia Colon. However, the City has no information indicating that it was
           Ms. Colon who took the phone call from you on May 31, 2006.

           The City has no record indicating the name of the person who took your
           phone call on that date.

           If you wish to appeal, you must do so within 30 days in writing by
           contacting Mr. Thomas Richards, Corporation Counsel, 30 Church Street,
           Room 400A, Rochester, NY 14614-1295.

Yours truly,

*Gary G. Walker*

Gary G. Walker
Records Access Officer

Tuesday, December 19, 2006


Mr. Thomas Richards, Corporation Counsel
30 Church Street, Room 400A
Rochester, NY 14614-1295


## **APPEAL**


Dear Mr. Richards,


I made a request on 11/21/06 for the full name of the Police Information Clerk for Sgt. Lori Bishop from 5/31/06. That request was never fulfilled and actually avoided. The response I received dated 12/15/06 was avoidance and stall tactics. It took 25 days, to not give the name of Lori Bishop's Police Information Clerk, which I consider non-compliant. Further, no record of the person who took my phone call on 5/31/06, even though it should be the same person. However, the Rochester Police Department has already shown their corruption. The lying and misleading appears to be a normal policy. My theory is that, this individual or individuals knows they're in trouble and don't intend to come forward voluntarily. But, the information gathered from that person on 5/31/06 who stated their first name and title or position, came from that person only, at phone number 428-9800. I didn't pull the name "Pat" out of a hat or the other information on record. Finally, Mr. Richards, I would appreciate my request being fulfilled or investigated at once. Thank you.



Sincerely,

Darryl A. Allen, M.S.Ed.



Xc: U.S. District Court
   of Western New York



59

_____       _____
SIGNATURE                     DATE

**DEMAND 10,000,000.00 MILLION**

_____
*(Print your name)*

Sworn to before me this _21st_
day of _December_ , 2006

_____
Notary Public

KAMALJIT K VIRDI
Notary Public, State of New York
No. 01VI6143041
Qualified in Monroe County
My Commission Exp. 03/27/2010

1. Mayor's Office—**City Hall, 30 Church Street**
                  **Rochester, NY 14614-1295**

2. District Attorney, Mike Green------------------------**47 South Fitzhugh Street**
3. District Attorney Investigator, Mike Fantigrossi----**Rochester, NY 14614**

4. Rochester Police Officer, Virgil Ross, jr.-----**Rochester Police Department**
5. Rochester Police Officer Sgt. Lori Bishop----**185 Exchange Boulevard**
                                      **Rochester, NY 14614**

6. Rochester Police Officer, Maria Graves----------**Office of Emergency Communications Center**
7. Rochester Police Officer Sgt. Daniel Holmsten--**321 West Main Street**
                                      **Rochester, NY 14608**

60